FRANK J. MAGUIRE, as Executor of GERTRUDE B. ZULAUF, Deceased, Respondent, v. NATHAN E. BLODGETT, Defendant, and PUGET SOUND COMPANY, INC., Defendant-Appellant.

Fourth Department, March 17, 1943.

*Frank Gibbons,* for appellant appearing specially.

*Edward N. Mills, Jr.,* for respondent.

*Per Curiam.* Plaintiff brought this action against both defendants, alleging that the individual defendant, Blodgett, was indebted to plaintiff on a promissory note, and that the corporate defendant " is or claims to be the assignee of defendant

Blodgett and has or may have as such assignee some interest in the amount of recovery herein sought.''

The '' recovery herein sought '' is stated, in the demand clause of the complaint, to be $3,000 (the amount of the note) and interest against the individual defendant (Blodgett) '' and that the interest, if any, of the defendant Puget Sound Company, Inc. as such assignee be adjudged to be subordinate to the plaintiff's right of recovery.''

The summons and complaint were served upon both defendants in the State of Washington.

Plaintiff secured a warrant of attachment under which Blodgett's interest in an estate which was being administered in Erie county, in this State, was attached. Both defendants, appearing specially, moved to have the attachment dismissed, and an order, from which no appeal has been taken, was made, dismissing the attachment insofar as it related to the corporate defendant, but refusing to dismiss insofar as it related to defendant Blodgett. Neither defendant appeared further in the action until after a judgment was procured. The judgment is one for $6,447 against Blodgett, and it is further adjudicated: '' That the interest, if any, of the defendant Puget Sound Company, Inc. * * * as assignee of the share of the defendant Nathan E. Blodgett in the estate of Josephine V. Blodgett, is subordinate to the plaintiff's right of recovery in this action.''

The defendant Puget Sound Company then made a motion to modify the judgment by striking out the provision last quoted, and this appeal is from the order denying the motion.

We cannot agree with the Special Term that this is an action *in rem*; it is an action *in personam* to recover on a note given by Blodgett. As a reason for including the corporate defendant in the action the complaint alleges that it has, or may have, some interest '' in the amount of recovery herein sought.'' Probably the intent was to allege that the corporate defendant had or claimed to have an interest in the property about to be attached, and out of which plaintiff hoped to realize the amount of his judgment if and when he recovered a judgment.

It is not apparent to us why plaintiff thought it necessary or expedient to make the Puget Sound Company a party defendant. He could have attached Blodgett's interest in the Blodgett estate, and left it to the Puget Sound Company, pursuant to section 924 of the Civil Practice Act, to assert its claim. It is our understanding that the corporate defendant claims to have from Blodgett an assignment of his interest in the Blodgett estate.

If it does have such assignment and is thereby the owner of the property attached, the attachment was dismissed as to the corporate defendant, and since service of the summons upon that defendant was made without the State of New York, the court had no jurisdiction over the corporate defendant and could not render a judgment against it. If, on the other hand, it does not have such an assignment, no reason is suggested why it should have been made a party defendant in the first place.

As before stated, the action is not one *in rem*. The attachment is a proceeding *in rem* designed to enable plaintiff to collect his judgment when recovered.

The order should be reversed on the law with ten dollars costs and disbursements, and the motion granted with ten dollars costs.

All concur. Present — CROSBY, P. J., TAYLOR, DOWLING, HARRIS and McCURN, JJ.

Order reversed on the law with ten dollars costs and disbursements, and motion granted with ten dollars costs.